**Robert Owen LITTLE, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**Civ. No. 71–554.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Nov. 8, 1971.

Robert Owen Little, pro se.

A. S. Johnston, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## ORDER

TJOFLAT, District Judge.

This matter is before the Court for consideration of respondent's response to the order to show cause entered herein. Petitioner is presently incarcerated in the Florida State Prison at Raiford, Florida, serving a twenty year sentence imposed by the Criminal Court of Record of Duval County, Florida, following a jury conviction of two counts of breaking and entering with intent to commit a felony and grand larceny. Petitioner has admittedly exhausted his state remedies on the issues asserted in this petition.

As grounds for this habeas corpus action, petitioner alleges that his conviction rested on the introduction into evidence at his trial of a "girlie" calendar which he asserts was obtained by the police as the result of an unlawful search and seizure. The facts surrounding the seizure of the calendar are uncontroverted. The only question presented in this action is whether there was probable cause for the search, which respondent admits was made without a search warrant and was not incident to any arrest.

The facts may be summarized in chronological order as follows:

Police Officer Howell was summoned to the 1300 block of Cassat Avenue on the night of December 31, 1968, at around midnight in response to a citizen's complaint about suspicious persons in a noisy white and green automobile. Officer Howell found the automobile and persons as described and proceeded to fill out contact information cards on petitioner and his co-defendant, noting also information about the automobile including the license tag number. In the normal course of his contact procedure Officer Howell shined his flashlight into the car and noted the contents immediately visible. He observed several articles of clothing on the back seat, a tire tool and a "girlie" type calendar lying on the floorboard. He then allowed the suspects to proceed on their way after recording what he considered to be the relevant information obtained in this contact stop.

Officer Howell then crossed the street to check a row of business establishments and discovered that Cay's Barbershop had been broken into. Upon entering the barbershop he found it had been ransacked and its contents, including several "girlie" type calendars of the same type observed in petitioner's automobile, scattered throughout the shop. He then put out an all-points bulletin for petitioner and his co-defendant and a green and white automobile. This was at approximately 12:20 A. M.

**468**

Officer Howell, after leaving the barbershop, cruised the neighborhood in an effort to locate petitioner and the green and white vehicle. He located the suspect car at 2:00 A. M. parked in a closed service station which was also used from time to time as a parking lot for a nearby cocktail lounge. Petitioner and his co-defendant were not present. Officer Howell, with the assistance of a back-up officer, proceeded to search the unlocked automobile for evidence. At this time Officer Howell discovered the same "girlie" calendar seen earlier lying on the floorboard as it had been before and removed same. The automobile was left unwatched and unguarded in the parking lot. Petitioner's co-defendant was arrested several hours later. Petitioner was arrested several days later.

Petitioner asserts that these facts did not present sufficient probable cause for the police to search the automobile and remove the calendar. Respondent answers with the contention that these facts fully meet the standard established in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1959); and Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), that permit warrantless searches of automobiles, because of their mobility, where the officer has probable cause to believe that he will find contraband or other evidence of a crime.

The Court concludes that under the version of the facts alleged by petitioner, and admitted for argument's sake by respondent, that ample probable cause existed for the search and seizure in question. Therefore, it is

Ordered:

1. The petition for writ of habeas corpus is denied and the case is dismissed.

2. In the event an appeal is taken from this Order and a certificate of probable cause is requested, the request is denied.